NO. 07-02-0457-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 12, 2003



______________________________




JAY N. GIANNUKOS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 02-03-02101-CR; HONORABLE JAMES H. KEESHAN, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Pursuant to pleas of guilty, appellant Jay N. Giannukos was convicted in one
judgment on separate counts of unlawful possession of a firearm by a felon and
possession of a controlled substance. By his notice of appeal, he challenges both
convictions. The clerk's record was filed on January 6, 2003, and the reporter's record
was due on February 5, 2003, but has yet to be filed. Also, no request for an extension
of time was filed. By letter dated April 22, 2003, this Court notified Jill Driscoll, Court
Reporter of the 258th District Court, of the defect and requested that in the event the
record could not be immediately filed, she complete and file a request form provided by
this Court no later than ten days from the date of the letter. Driscoll did not respond and
the reporter's record remains outstanding. Thus, we now abate the appeal and remand
the cause to the trial court for further proceedings. See Tex. R. App. P. 37.3(a)(2).

 Upon remand, the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute this appeal;


 whether appellant is indigent; and
 why appellant has been deprived of a reporter's record.


 

The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant does want to continue this appeal and is indigent, then the trial court shall take
such measures as may be necessary to assure appellant a reporter's record. The trial
court shall execute findings of fact, conclusions of law, and such orders as the court may
enter regarding the aforementioned issues, and cause its findings and conclusions to be
included in a supplemental clerk's record. A supplemental record of the hearing shall also
be included in the appellate record. Finally, the trial court shall file the supplemental
records with the Clerk of this Court by Friday, June 27, 2003.

 It is so ordered. 

 Per Curiam

Do not publish.

 



d. Should it be determined that
appellant does want to continue this appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel. The trial court shall execute findings of fact, conclusions of law, and such orders
as the court may enter regarding the aforementioned issues, and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental record of the
hearing shall also be included in the appellate record. Finally, the trial court shall file the
supplemental records with the Clerk of this Court by Friday, November 4, 2005.

 It is so ordered.

 Per Curiam

Do not publish.